# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**EDWIN ALLEN HARPER**,

      Petitioner,

v.                                       **Civil Action No. 3:08-cv-179**
                                            **Criminal Action No. 3:07-cr-49-3**
                                              **(BAILEY)**

**UNITED STATES OF AMERICA**,

      Respondent.

## ORDER OVERRULING PETITIONER'S OBJECTIONS TO THE REPORT AND RECOMMENDATION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This case is pending before this Court on the Opinion/Report and Recommendation (hereinafter "R&R") filed by Magistrate Judge David J. Joel [Cr. Doc. 226] and the Petitioner's Objections to Report and Recommendation [Cr. Doc. 234] regarding petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Cr. Doc. 193]. After reviewing the R&R, the record, and the arguments of the parties, the Court finds that petitioner's objections to the R&R should be **OVERRULED**, the R&R should be **ADOPTED**, and petitioner's § 2255 Motion should be **DENIED**.

## BACKGROUND

On September 5, 2007, the petitioner entered into a plea agreement with the United States. [Cr. Doc. 97]. He agreed to plead guilty to Count Three (3) of a Fifteen (15) count indictment. (Id.) Count Three alleged that petitioner distributed 1.15 grams of cocaine

1

base in violation of 21 U.S.C. 841(a)(1). (Id.) The maximum penalty for the offense being pled to was specified as not more the twenty (20) years imprisonment and a $1,000,000.00 fine (Id. at 2). The parties stipulated and agreed that the total drug relevant conduct of petitioner was 10.23 grams of cocaine base, also known as "crack." (Id. at 4). In the plea agreement, the petitioner waived his right to appeal and to collaterally attack his sentence. Petitioner's plea agreement included an appeal waiver, including a wavier of appeal pursuant to 28 U.S.C. §2255. ([Cr. Doc. 97] ¶ 10).

At the hearing where the Court accepted petitioner's plea of guilty, the Government summarized each paragraph of the plea agreement. ([Cr. Doc. 201] at 6-12). The petitioner was then asked whether he understood the plea agreement ([Cr. Doc. 201] at 12-13); whether he had gone over it with counsel (Id. at 13); whether he understood the appellate rights waiver (Id.); and whether he agreed with the terms of the agreement (Id.). Petitioner answered in the affirmative all these questions. The Court did not specifically ask defendant if he understood his waiver of post-conviction rights. (Id. at 13).

The Court informed petitioner that the maximum sentence for the crime which he was pleading could be no more than twenty years imprisonment ([Cr. Doc. 201] at 15), but that the ultimate sentence could be greater than that estimated by his counsel; petitioner indicated that he understood. (Id. at 17). The Court specifically asked petitioner whether he understood that the length of his sentence could not be determined by anyone until the presentence report (PSR) was completed and petitioner said "[y]es, sir." (Id. at 16 and 22-23). The Court then summarized the rights that petitioner was giving up by pleading guilty. (Id. at 18-19).

At the hearing, the Government also presented the factual basis for petitioner's plea

2

through the testimony of State Trooper Brian Bean. ([Cr. Doc. 201] at 24-25). Petitioner had no objections to the factual basis. (Id.)

Petitioner stated at the plea hearing that his guilty plea was not a result of any promises other than those contained in the plea agreement. ([Cr. Doc. 201] at 22). Petitioner stated that his attorney had adequately represented him and that his attorney had left nothing undone. (Id. at 23). Finally, petitioner stated that he was pleading guilty because he was in fact guilty of the crime charged. (Id. at 23).

At the end of the hearing, the Court found that petitioner's plea was free and voluntarily ([Doc. 201] at 23); that petitioner understood the consequences of pleading guilty (Id.); and that the elements of Count Three of the indictment were established beyond a reasonable doubt. (Id.) The petitioner did not object to these findings. (Id.)

On December 12, 2007, petitioner appeared before the Court for sentencing. [Cr. Doc. 184]. Petitioner was found to have a base and adjusted offense level of 24 with a Chapter 4 enhancement for career offender status to 32, with a two-level reduction for acceptance of responsibility. (Id. at 6). An additional one-level reduction was granted, resulting in a total offense level of 29. (Id.). The Court found that the sentence guideline range was 151 to 188 months imprisonment. (Id.). The Court then heard argument from counsel.

Petitioner's counsel voiced his objection to the PSR, briefed in his sentencing memorandum, regarding the unfairness of the application of the career offender status to petitioner, and asked the Court for a sentence of "around 100 months." ([Cr. Doc. 184] at 7-9). The Government responded, pointing out the dual purposes of correction and rehabilitation, and acknowledged the Court's desire and authority to give a variance. (Id.

at 9-10). Taking all necessary information into consideration, the Court agreed with defense counsel that there was "some level of unfairness" in the career offender law, and accordingly, gave petitioner "a break in that regard," sentencing him to serve 120 months imprisonment ([Cr. Doc. 184] at 12-13), to run concurrently with the undischarged term of imprisonment he was currently serving on West Virginia state charges. (Id. at 10).

Petitioner did not file a direct appeal.

On December 9, 2008, *pro se* petitioner filed a motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence [Cr. Doc. 193]. The Government filed its response on February 3, 2009. [Cr. Doc. 202]. On February 17, 2009, petitioner filed a Motion for Summary Judgment. [Cr. Doc. 205]. The Government filed a response to the Motion for Summary Judgment on February 19, 2009. [Cr. Doc. 207]. Petitioner filed his Reply on February 26, 2009. [Cr. Doc. 208].

Petitioner raises only one ground in his § 2255 motion: an ineffective assistance of counsel claim based on his counsel's inaccurate estimate of the potential sentence he would receive for pleading guilty, alleging two causes for the failure: that (1) his counsel failed to review his C.I.B. report to ensure accurate calculation of his criminal history points, and (2) his counsel failed to review and/or comprehend the criteria used to classify him as "career offender." Petitioner asserts that since he only pled guilty because of the "grossly erroneous and incompetent advice of counsel" as to the length of the sentence he would receive, his plea was not knowing and voluntary. ([Doc. 193], Attach. 1 at 2). Petitioner contends that in an August 10, 2007 letter, counsel advised him that he if he pled guilty to Count Three, he would receive a sentence in the applicable range of 57-71 months, and that "[s]o long as you don't commit any additional charges, I don't anticipate a sentence

4

beyond the low end of [this] range." (Id. at 1), and that his attorney's letter also stated that since his prior convictions were consolidated for sentencing they only counted as one conviction, so "[t]herefore, I do not believe that you qualify as a career offender."(Id.)

On August 12, 2009, Magistrate Judge Joel issued a R&R [Cr. Doc. 226] finding that petitioner's claims should be dismissed. Magistrate Judge Joel concluded that plaintiff had "knowingly, intelligently, and voluntarily waived the right to collaterally attack the sentence," and that petitioner's claim of ineffective assistance of counsel has no support in either fact or law. ([Cr. Doc. 226] at 6).

## **PETITIONER'S OBJECTIONS**

On September 14, 2009 petitioner filed objections to the R&R. [Cr. Doc. 234]. Petitioner objected to the R&R on three grounds: (1) his sentence should be vacated because it is illegal as he should not have been labeled a career offender; (2) that he is entitled to collaterally attack his sentence because petitioner did not knowingly waive his right to collaterally attack his sentence; and (3) that his sentence should be vacated due to ineffective assistance of counsel. (See generally [Cr. Doc. 234]). This Court will address each objection in turn.

First, the Court would note that petitioner has not challenged the waiver of his direct appeal rights. Additionally, the Court would note that the waiver of defendant's direct appeal rights was specifically addressed by the Court in the plea colloquy, and petitioner stated that he understood that he was waiving those rights. ([Cr. Doc. 201] at 12-13). A valid waiver of direct appeal rights is not, however, an absolute bar to appellate review. A petitioner may still obtain review on certain limited grounds. ***United States v. Attar***, 38

F.3d 727, 731 (4th Cir. 1994). The Court in *Attar* noted that a defendant "could not be said to have waived her right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." *Id.* Here, petitioner has not alleged such circumstances. Thus, the only possible challenge to petitioner's sentence would be a collateral attack, based on a claim of ineffective assistance of counsel.

The only issue before the Court, therefore, is whether defendant waived his right to collaterally attack his sentence, and if not, whether petitioner has a cognizable ineffective assistance of counsel claim. See *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). This Court finds, for the reasons set out below, that petitioner knowingly waived his right to collaterally attack his sentence; and that even if petitioner had not waived his right to collaterally attack his sentence, his claim still fails as he has no cognizable ineffective assistance of counsel claim.

1. <u>Petitioner's Claim that His Sentence is Illegal is Without Merit</u>

At the time of his plea, petitioner was advised that the maximum penalty for the crime to which he was pleading guilty was twenty (20) years and that no one could know what his sentence might be until the Presentence Investigation Report was prepared. ([Cr. Doc. 201] at 12-13). Petitioner stated that he understood, and that he was pleading guilty because he was in fact guilty of Count Three, and that he was not pleading guilty based on any promises or representations other than those contained in the plea agreement. (Id.) Petitioner does not contest the fact that his appellate rights waiver was knowing and voluntary. [Cr. Doc. 234]. Thus, the Court finds that petitioner executed a valid waiver of

his direct appeal rights.

Petitioner received a sentence of 120 months, or 10 years–half of the statutory maximum. [Cr. Doc. 184]. Petitioner's arguments that the Court imposed an "illegal" sentence because it counted two offenses separately, which had been consolidated in the state court, in finding petitioner to be a career offender are without merit. See **Attar**, 38 F.3d at 731. As petitioner received a sentence below the statutory maximum, and petitioner has raised no other grounds for his sentence being illegal than his dispute that he should not have been sentenced as a career offender, the Court finds that petitioner has failed to state a valid claim. See **Id.** Accordingly, petitioner's objection on the grounds that his sentence was illegal is hereby **OVERRULED**.

2. <u>Petitioner's Waiver of His Collateral Attack Rights Was Valid</u>

Second, petitioner objects to the R&R on the grounds that the Magistrate failed to give adequate weight to the plea colloquy. [Cr. Doc. 234]. Petitioner argues that in determining whether petitioner knowingly and voluntarily waived his right to collaterally attack his sentence, that the Magistrate should have given dispositive weight to the fact that the Court did not specifically inquire in the plea colloquy whether petitioner understood that he was waiving his right to collaterally attack his sentence. (Id.) In fact, the Magistrate found that the Court's failure to specifically inquire whether petitioner understood he was waiving his right to collaterally attack his sentence could be evidence of an invalid waiver. ([Cr. Doc. 226] at 10-11).

The Magistrate then went on, however, to find that in considering the waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to

understand the proceedings, that petitioner's waiver was knowing and voluntary–and, therefore, valid. ([Cr. Doc. 226] at 8) (citing **United States v. Blick**, 408 F.3d 162, 169 (4th Cir. 2005)).  Specifically the Magistrate noted:

> ...the Court did not inquire of petitioner whether petitioner understood that, under the plea agreement, he was waiving his right to seek post-conviction relief by filing a habeas corpus petition under Title 28, United States Code, Section 2255. Therefore, as the preceding review of cases indicate, petitioner did not validly waive his right to file this instant petition and accordingly, it should be given full consideration. However, here, in the memorandum of law to his § 2255 motion (titled "Attachment"), petitioner admits awareness of his knowing and voluntary waiver of his post-conviction relief rights, stating that "[u]nder this [plea] agreement . . . [he] 'waived his right to appeal any sentence within the statutory maximum and waived his right to challenge his sentence via habeas corpus.'" (CR Dkt. 193, Attach. 1 at 2). Accordingly, even though petitioner's Rule 11 colloquy failed to elicit his acknowledgment of his understanding regarding the waiver of his post-conviction relief rights, in this case, as provided by **United States v. Blick**, *supra* at 169, considering the totality of the particular facts and circumstances, it is clear that petitioner still understood that he was doing so. Because petitioner entered into his plea knowingly and voluntarily, he waived his right to collaterally attack his sentence and this motion under § 2255 should be dismissed.

([Cr. Doc. 226] at 10-11).  This Court agrees with the Magistrate's findings and finds that defendant executed a valid waiver of his post-conviction rights and his petition should be dismissed.  In an abundance of caution, however, this Court–like the Magistrate–will consider petitioner's claim of ineffective assistance of counsel on its merits.  (See Id.)

    3.    <u>Petitioner Has No Cognizable Claim for Ineffective Assistance of Counsel</u>

Claims for ineffective assistance of counsel, for actions taken after a defendant's entry into a plea agreement, are not waived by a general waiver of appeal rights contained

in a plea agreement. *Attar*, 38 F.3d at 732-33. Thus, petitioner's claim for ineffective assistance of counsel, based on actions taken by his counsel after petitioner's entry into the plea agreement, should be considered by this Court (assuming an invalid waiver of post-conviction rights). Despite this Court's finding that petitioner executed a knowing and voluntary waiver of his post conviction rights, this Court will consider petitioner's ineffective assistance of counsel claim on its merits. (See (2), *supra*).

Petitioner argues his sentence should be vacated because "there is a 'reasonable probability' that, but for counsel's errors and advice, the petitioner would not have accepted the plea as it related to the career offender statute." ([Cr. Doc. 234] at 4). Further, petitioner alleges that his attorney sent him a letter prior to the petitioner entering a plea agreement with the Government. Petitioner alleges in the letter his attorney wrote that "I do not believe that you qualify as a career offender." (Id. at 3).

In fact, there was no plea as to the "career offender statute." Petitioner plead guilty to Count Three of the Indictment. This Court interprets petitioner's argument as a claim that had petitioner known he would be sentenced as a career offender, he never would have entered a plea to Count Three of the Indictment. Petitioner was, however, aware that he could be sentenced to as many as twenty (20) years for the count to which he was pleading guilty. ([Doc. 201] at 12-13). Petitioner also stated that he understood that no one could say what his sentence might be until the Presentence Investigation Report was completed. (Id.) Additionally, defendant stated that he was pleading guilty because he was in fact guilty and that his plea was not based on any promises or representations except those contained within the plea agreement. (Id. at 16, 22-23).

Petitioner's claim that his counsel was ineffective because he miscalculated

9

petitioner's potential sentence fails as a matter of law. *See **United States v. Foster***, 68 F.3d 86, 88 (4th Cir. 1995) (holding that there is no possible prejudice from an incorrect calculation of a defendant's possible sentence so long as the defendant is properly advised of the maximum sentence he may receive, and pleads guilty based on that information and not based on other promises). Here, petitioner does not object to the findings (drawn directly from the Rule 11 Hearing Transcript) that petitioner was properly informed as to the possible length of his sentence, that no one could determine what his sentence might be until the Presentence Investigation Report was prepared, and he stated that he was entering a plea based on that knowledge, and not on promises except those contained within the plea agreement. (See [Cr. Doc. 234]). As petitioner was properly informed in the Rule 11 Hearing as to the possible consequences of pleading guilty–this Court finds that petitioner has no cognizable ineffective assistance of counsel claim, and **OVERRULES** petitioner's objection on that ground.

## CONCLUSION

For the reasons stated above:

1. Petitioner's Objections to the Magistrate Judge's Opinion/Report and Recommendation [Cr. Doc. 226] are **OVERRULED**.

2. The Magistrate Judge's Opinion/Report and Recommendation [Cr. Doc. 226] is **AFFIRMED** and **ADOPTED** as it recommends petitioner's § 2255 petition [Cr. Doc. 193] be denied and dismissed with prejudice.

3. Petitioner's § 2255 [Cr. Doc. 193] is hereby **DENIED** and **DISMISSED** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: October 5, 2009

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE